**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                                        No. CR 07-1244 WJ

DONALD SCOTT TAYLOR and
WILLIAM J. WATSON,

    Defendants.

**MEMORANDUM OPINION AND ORDER RULING IN PART ON DEFENDANT'S MOTION TO EXCLUDE CHEMICAL ANALYSIS AND PRODUCTION ESTIMATE AND MOTION FOR DISCOVERY OF ALL FOUNDATIONAL DATA**

THIS MATTER comes before the Court following an evidentiary *Daubert* hearing on Defendant's Motion to Exclude Chemical Analysis and Production Estimate, and Motion for Discovery of all Foundational Data, filed May 4, 2009 **(Doc. 274)**. The hearing was held on July 15, 2009 and continued until next month in order for the Government to able to present an expert witness on production estimate and for the defense to present rebuttal witnesses. However, after hearing testimony and reviewing the evidence and the party's pleadings, the Court is able to make partial rulings on some of the issues raised by Defendant in his motion.

**I.**    **Disclosures Under Fed.R.Crim.P. 16**

Defendant seeks an Order requiring the Government to disclose certain "foundational data") which he contends is required under Fed.R.Crim.P. 16 and the Court's Scheduling Order. Defendant argues that if there are documents relied on by an expert, those documents must be produced under Rule 16(a)(1)(F) as well, which requires the disclosure of items which are "material to preparing the defense." Defendant also asserts that the Government's production of

conclusory reports violates Rule 16(a)(1)(G) which requires that, upon request, defense counsel is entitled to a written summary of the testimony of any expert witness the government intends to use during its case-in-chief, including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The Government's position is that Defendant's request exceeds what Rule 16 requires.  The Government contends that the "foundational data" requested by Defendant in a letter dated April 17, 2009 (see Deft's Notice of Filing of Exhibits, Doc. 294) goes beyond the reach of what is required under Rule 16(a)(1)(F) and (G).

The scope of expert disclosures in a criminal case under Rule 16(a)(1)(G) (Government's obligations) and Rule 16(b)(1)(C) (Defendant's obligations) is more limited than what is required for civil cases under Rule 26(a)(2)(B).  In civil cases, a "complete statement" is required (see Fed.Civ.P. R. 26(a)(2)(B)(i)), where only a "written summary" is required in criminal cases:

> Written summaries under Fed.R.Crim.P. 16(b)(1)(C) must include a description of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Id. §§ 16(a)(1)(G), 16(b)(1)(C). The required "written summary," however, falls far short of the "complete statement" required of litigants in civil cases. *See United States v. Mehta*, 236 F.Supp.2d 150, 155-56 (D.Mass.2002). In particular, Rule 16 does not require experts in criminal cases to provide written reports explaining their opinions or to make a written proffer containing the information required under the civil rules.

*U.S. v. Nacchio*, 555 F.3d 1234, 1262 (10th Cir. 2009).  The Advisory Committee Note to the 1993 amendment to Rule 16 requires a  "**summary** of the bases relied upon by the expert" which in turn is described as "written and oral reports, tests, and investigation. . . ." (emphasis added)

In *U.S. v. Price*, 75 F.3d 1440 (10th Cir. 1996), the Tenth Circuit denied the defendant's discovery request for production of the underlying basis of government chemist's conclusion that substances he tested were methamphetamine, information relating to reliability of chemist's

equipment, and evidence of chemist's credentials. Rule 16(a)(1)(F) only requires the prosecution to turn over "results or reports" of scientific tests. *See also United States v. Ashlock*, 105 Fed. Appx 581 (5th Cir. 2004) (unpublished), *vacated on other grounds*, 543 U.S. 1136 (2005) (Rule 16(a) does not instruct the government to provide detailed step-by-step information regarding the routine protocols employed by the expert in performing chemical analysis); *United States v. Wilkerson*, 189 F.R.D. 14 (D. Mass. 1999) (denying defendant's request for the internal laboratory procedures where the court found the materials were not discoverable, either as Rule 16 "results or reports."

      The Court has reviewed the list of material requested by Defendant as "foundation data." Some of the documents requested by Defendant, just to name a few, are: the "complete DEA case file in this case. . . .[,]"calibration and maintenance records, and copies of internal or external audits of the DEA laboratory which performed the tests in this case. Mot. at 9-11. These materials are plainly outside the bounds of what the Government is required to turn over under Rule 16, and the request is denied.

**II.**     **Due Process Claim**

      Defendant also contends that the Government denied him due process when it destroyed the approximately 850 gallons of anhydrous ammonia seized in this case. The Government violates a defendant's right to due process when: (1) it destroys evidence whose exculpatory significance is "apparent before" destruction; and (2) the defendant remains unable to "obtain comparable evidence by other reasonably available means. *U.S. v. Bohl*, 25 F.3d 904, 909 -910 (10th Cir. 1994). Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

Defendant offers no facts showing that the anhydrous ammonia seized had any exculpatory value, nor does Defendant show any evidence of bad faith on the part of the Government.  Mr. Chapman, the Government's forensic chemist, testified that the DEA does not store anhydrous ammonia based on standard policy for safety reasons.  Inhalation of ammonia gas poses a significant health hazard to individuals who are exposed and storage would be extremely dangerous to persons handling the storage cylinders.  The Court finds that due process does not require the Government to keep large amounts of a volatile, dangerous substance around for an indefinite period of time in the hope that an expert may some time in the future choose to analyze the substance for purposes not known at the time.  Accordingly, Defendant's due process claim based on the Government's failure to store the anhydrous ammonia seized in this case is hereby denied.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Exclude Chemical Analysis and Production Estimate, and Motion for Discovery of all Foundational Data (**Doc. 274**) is hereby ruled on in part in that:

(1) Defendant's motion for discovery of all foundational data under Rule 16 is DENIED; and

(2) Defendant's due process claim based on the Government's failure to store the anhydrous ammonia seized in this case is hereby denied.

_____
UNITED STATES DISTRICT JUDGE