# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                      No. CV 12-0256 WJ/LFG
                                                                             CR 07-1244 WJ

DONALD SCOTT TAYLOR,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Response to Order to Show Cause (CV Doc. 5). The order (Doc. 3; CR Doc. 706) required Defendant to show cause why his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence should not be dismissed as untimely. Defendant's response does not show cause to excuse the untimely filing, and the Court will dismiss his § 2255 motion.

As noted in the show cause order, the Court entered judgment (CR Doc. 618) on Defendant's conviction on October 30, 2009, and an amended judgment (CR Doc. 620) on November 2, 2009. Defendant did not appeal the conviction or sentence, and his conviction became final in mid-November, 2009, when his time to appeal expired. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006); *United States v. Sandoval*, 371 F. App'x 945, 948 n.2 (10th Cir. 2010). On March 12, 2012, more than two years after his conviction became final, Defendant filed this § 2255 motion.

In his § 2255 motion and his response to the order to show cause, Defendant asserts that equitable tolling excuses the late filing of his § 2255 motion. "Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.' " *United States v.*

*Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Defendant alleges that he was never informed of his right to file a § 2255 motion or of the limitation period for a § 2255 motion. He also alleges that he diligently pursued his claims, but he had no access to legal materials, he was held in segregation and transferred four times, and he was unable to obtain copies of documents in his criminal file or a § 2255 motion. Attached to his response is a copy of a letter from January 8, 2012--more than two years after judgment was entered--that Defendant submitted to the Court asking for copies of documents.

Defendant's allegations do not make an adequate showing of diligent pursuit of his claims or extraordinary circumstances. *See Gabaldon*, 522 F.3d at 1124-27 (discussing diligent efforts and extraordinary circumstances); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). In the first place, waiting two years to inquire about case documents does not indicate diligence, *see Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *but cf. Gabaldon*, 522 F.3d at 1124 (alleging facts showing diligence may warrant tolling), and his lack of awareness regarding § 2255 proceedings does not excuse his delays, *see Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (§ 2254 proceeding). Nor does Defendant demonstrate extraordinary circumstances by alleging lack of access to legal materials, *see Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (§ 2254 proceeding), or segregation and transfers, *see Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001); *but cf. Gabaldon*, 522 F.3d at 1123 (interfering with Defendant's efforts to pursue § 2255 remedies may warrant tolling). Here, Defendant makes no allegations that justify tolling of the limitation period, *see* 28 U.S.C. § 2255 R.4, and the Court will dismiss his § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied

a constitutional right.  The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 704) is DISMISSED with prejudice as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE